Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, and INGRAHAM, JJ.

T. H. Lord, for appellant Metropolitan St. Ry. Co.
G. C. Fox, for appellant Elias Brewing Co.
N. Ottinger, for respondent.

VAN BRUNT, P. J. The practice pursued by the learned judge in the court below is certainly not one which commends itself, as it leaves the parties in doubt as to what was done upon the trial, and permits the taking of exceptions after the rendition of the verdict,—a course of trial which ought not to be encouraged. In the case at bar, the parties all having assented to this course in respect to the numbers of the requests of the plaintiff to which the defendants desire to except, if any confusion has arisen it is due to this fact, and defendants should not be deprived of grounds of appeal through having been misled by these concessions of the other parties. We are of opinion, therefore, that the motion, so far as allowing the correction of the numbers of the requests is concerned, should have been granted. In all other respects we think it was properly denied. If the parties desire that a new case should be served, of course they are entitled to it, in order that they may propose amendments in view of the changed condition of the record.

The order should be reversed, and the motion to resettle the case granted to the extent above indicated, without costs to either party. All concur.

---

(69 App. Div. 7.)

MOSSBERG & GRANVILLE MFG. CO. v. MORRILL et al.

(Supreme Court, Appellate Division, First Department. February 7, 1902.)

1. SALES—BREACH OF CONTRACT—REFUSAL TO ACCEPT—EVIDENCE.

Where, in an action against one who agreed to pay for secondhand machinery to be furnished with new gearing to a manufacturing company, defendant claims that the machinery did not comply with the contract, and for that reason was not accepted, evidence that it worked properly before removal and with the old gearing is incompetent.

2. SAME—ISSUES—EVIDENCE—PREJUDICE.

Where an action against one who agreed to pay for secondhand machinery, to be refitted and furnished to a manufacturing company, is defended on the ground that the machinery did not comply with the contract, and was not accepted, the evidence of such failure is undisputed, and there is no evidence of acceptance except that of one witness, it was error to admit evidence that such company had ceased to do business.

Appeal from trial term, New York county.

Action by the Mossberg & Granville Manufacturing Company against George H. Morrill and others. From a judgment for plaintiff and order refusing a new trial, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

W. R. Bronk, for appellants.
G. H. Fletcher, for respondent.

VAN BRUNT, P. J. This action was brought to recover upon two causes of action, the first being for the purchase of a secondhand rolling mill known as a "Birmingham Roll," which was ordered for the White Metal Company, and for which the defendants agreed to pay; and the second being for the purchase of a rotary slitting machine, also ordered by the White Metal Company, payment for which the defendants also undertook to make. The answer of the defendants to both causes of action was that neither of the machines conformed to the contract, and for that reason were not accepted by the White Metal Company, and that they were returned to the plaintiff. Upon the trial it appeared that the Birmingham roll referred to in the first cause of action consisted of two rolls geared together, a sketch of which gearing was made and annexed to the order which was given for the machine. The rolls were to be secondhand rolls, but extra gearing was to be applied as per the sketch annexed; and there was evidence tending to show that the mills were to be self-contained,—that is, all the parts of the mill were to be fastened upon one base,—and that they were to be of a similar form to those in use at the company's factory at the time the order was given.

The main question in controversy arises from the fact of a dispute as to what the sketch showed, the same having been lost, and parol testimony, therefore, being given as to its contents. Upon an examination of the evidence it would seem that there was no adequate proof that the rolls delivered complied with the contract. To meet this difficulty, a Mr. Granville, a witness for the plaintiff, and an officer thereof, testified that the White Metal Company had accepted the mills, although at the very time of such acceptance it was conceded that other gearing had to be constructed in order to make the mills do the work for which they had been supplied. Further, to fortify the claim that the plaintiff had complied with the contract, the witness Granville was permitted to testify that he had seen the mills in operation, before they were shipped to the White Metal Company, at Mr. Charles T. Platt's, in Gold street, in the city of New York, where they had been operated for a number of years, and that the mills were only discarded by Mr. Platt for heavier rolls on account of his trade having increased. This evidence was objected to by the defendants, and the objection overruled. This, we think, was error exceedingly prejudicial to the defendants. It is perfectly apparent that what these rolls had previously done while they were situated in Platt's shop was no evidence as to what they would do when other gearing was applied to them by the plaintiff, the effectiveness of which gearing seems to have been a chief point of controversy between the plaintiff and the defendants. What the rolls did when run with Platt's gearing was no evidence as to what they would do or could do when run with gearing attached by the plaintiff. There being little or no evidence that the rolls complied with the contract, or that they were geared in a manner proper for the work which they were called upon to do, or in compliance with the contract which had been entered into between the White Metal Company and the plaintiff, the evidence referred to was particularly harmful, as it might well have turned the scale upon this point in the plaintiff's favor. As to

74 N.Y.S.—33

the second cause of action, there does not seem to have been any evidence that the machine complied with the terms of the contract; but the witness Granville is found equal to the occasion, as he again swears to the acceptance of the machine, apparently before it was delivered. But even he seems to concede that it was not so constructed as to successfully perform the work which, under the contract, it was called upon to do. The White Metal Company, nevertheless, accepted the machine, according to his testimony. In view of this condition of the evidence relating to both causes of action, the exception taken to the evidence that the White Metal Company had ceased to do business in December, 1898, presents a most serious question, and one which, we think, is fatal in this case. This evidence was offered, undoubtedly, for the purpose of impressing upon the jury the idea that the real motive of the defendants in defending the suit was, not because the machines did not fulfill the requirements of the contract, but that they were trying to get out of a fair and honest contract, because the White Metal Company had failed and gone out of business, and therefore had no use for the machines. It seems to us that evidence of this character, when offered for such a purpose, was incompetent and improper. It was foreign to the issues which were presented by the pleadings, which were whether or not the machines supplied under the contract complied therewith. It was entirely immaterial as to what became of the White Metal Company, so far as those issues were concerned. The plaintiff was bound to establish its case by proof, and not by innuendo; and, as we think that the weight of the evidence is against the plaintiff upon the question of compliance with the contract, upon the question of acceptance, the evidence admitted was doubly harmful.

The judgment and order should be reversed, and a new trial ordered, with costs to the appellants to abide event. All concur.